UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER A. LEIPHART,
Individually and as Natural Father
and Custodial Guardian of SDJL, a Minor,

    Plaintiffs,

v.       Case No. 3:25cv605-TKW-HTC

FAMILIES FIRST NETWORK, et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Christopher A. Leiphart, proceeding *pro se*, has filed an "Emergency Verified Motion for Temporary Preliminary Injunction and Restraining Order" on behalf of him and his minor son.[1]  Doc. 1.  He has also filed a motion to proceed *in forma pauperis*.  Doc. 2.  After reviewing the "Emergency Verified Motion," the

---

[1] The Court notes Leiphart has filed at least six other cases in this Court over the past two weeks related to his ongoing child custody proceedings in state court.  *See* Doc. 1, 3:25v547; Doc. 1, 3:25cv548; Doc. 1, 3:25cv557; Doc. 1, 3:25cv602; Doc. 1, 3:25cv603, Doc. 1; 3:25cv604; Doc. 1.  **Plaintiff is warned that his ability to file additional cases in this Court may be restricted if he continues his practice of filing multiple lawsuits against anyone and everyone connected to his state child custody proceedings.**  *See Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) ("The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others.  [Thus, a plaintiff] can be severely restricted as to what he may file and how he must behave in his applications for judicial relief."); *see also Makere v. Fitzpatrick*, No. 4:22cv315/RH/ZCB, 2023 WL 3010539, at *1 (N.D. Fla. Mar. 22, 2023) (imposing filing restrictions against *pro se* plaintiff).

undersigned concludes this case must be DISMISSED because: (1) Leiphart cannot bring claims on behalf of his son; (2) the Court cannot issue injunctive relief in the absence of a properly-filed complaint; and (3) even with a complaint, *Younger v. Harris*, 401 U.S. 37 (1971) bars this Court from interfering with ongoing state dependency proceedings.  Thus, the motion to proceed *in forma pauperis* will be DENIED.

I.    **Background**

Leiphart identifies the Families First Network and one of its employees, Joe Del Signore, as the Defendants in this case.  Leiphart's "Emergency Verified Motion" alleges the following.

On April 24, 2025, Leiphart's son was removed from his custody "without judicial warrant, probable cause, or exigent circumstance" in violation of state and federal law.  Leiphart filed a motion earlier in the day "to prevent [the] anticipated unlawful seizure," but it was "never heard in court."  His son was placed "with a foster party without first establishing necessity, risk, or exploring least restrictive alternatives."  Del Signore has refused to communicate with Leiphart, called him "sly" and "argumentative," and ignored a court-appointed therapist's recommendations.  Leiphart contends Defendants are keeping his son in an unlawful placement "based on a dependency petition that post-dated the child's seizure, with no legal findings prior to the act."

Based on the foregoing, Leiphart alleges the Defendants violated the Fourth and Fourteenth Amendments by seizing his son "without a warrant or exigency," denying him due process before depriving him of custody, and interfering with his parental rights.  As relief, he seeks an injunction: (1) preventing Defendants from "continuing to detain or control the placement" of the child; (2) requiring Defendants "to appear and show cause with competent evidence supporting any lawful basis for removal, including affidavits, orders, or judicial findings"; and (3) requiring Defendants to surrender the minor child to Leiphart "pending lawful proceedings."[2]

## II.    Discussion

### A.    Leiphart cannot bring claims on behalf of his minor child.

Leiphart suggests he is bringing claims on behalf of his son.  However, because Leiphart is proceeding *pro se*, he cannot represent his son's interests.  "The right to appear *pro se* … is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others." *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (finding that "district court properly granted the motion to dismiss because [plaintiff] sought to represent her minor daughter, but, as a non-attorney, she was not permitted to do so"); *see also, L.R. v. Leon Cnty. Sch. Dist.*, 2019 WL 1177996, at *7 (N.D. Fla. Feb. 14, 2019), *report and*

---

[2] While the "Emergency Verified Motion" mentions an award of damages, damages cannot be sought through a motion for preliminary injunctive relief.

Case No. 3:25cv605-TKW-HTC

*recommendation adopted*, 2019 WL 1172012 (N.D. Fla. Mar. 13, 2019) ("a pro se parent does not have the legal right or authority to sue on behalf of a minor child because a non-attorney cannot act as legal counsel for another person").

As the Eleventh Circuit has recognized, "parents who are not attorneys may not bring a *pro se* action on their child's behalf – because it helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring parents." *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 582 (11th Cir. 1997), *overruled on other grounds by Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007)). Thus, because Leiphart cannot bring claims on behalf of his son, any such claims are subject to dismissal.

> **B.   The Court cannot issue injunctive relief in the absence of a complaint.**

This case should be dismissed because Leiphart has not filed a complaint; he has only filed a motion for preliminary injunctive relief. Thus, Leiphart has not filed the document necessary to commence a civil action. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Furthermore, the Court does not have the authority to issue injunctive relief in the absence of a properly-filed complaint. *See Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007) ("Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief."); *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested

in the complaint"). Accordingly, because Leiphart has not filed a complaint, the Court cannot issue the injunctive relief he seeks and this case should be dismissed.

### C. *Younger* bars this Court from interfering with ongoing state dependency proceedings.

Even assuming Leiphart had filed a complaint, the injunctive relief he seeks is subject to dismissal under *Younger v. Harris*, 401 U.S. 37 (1971). "The *Younger* doctrine bars federal court intervention in state noncriminal proceedings where the proceedings constitute an ongoing state judicial proceeding, the proceedings implicate important state interests, and there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Adams v. State of Florida*, 185 F. App'x 816, 816-17 (11th Cir. 2006) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)).

Here, all the *Younger* elements are met. First, the state dependency proceedings in Santa Rosa County Case No. 2025 DP 29 appear to be ongoing. The undersigned takes judicial notice that in N.D. Fla. Case No. 3:25cv547-TKW-HTC, Leiphart filed documents indicating: (1) Leiphart's son was removed from his custody pursuant to an "Order on Emergency Motion Allowing Access to the Child and the Residence and Order to Take into Custody" signed by Judge Steven Warrick on April 23, 2025; (2) Denise Conley, a Department of Children and Families employee, submitted an "Affidavit and Petition for Placement in Emergency Shelter Care" on April 25, 2025; and (3) a shelter hearing was scheduled for April 25, 2025,

at 1:00 p.m.  *See* N.D. Fla. Case No. 3:25cv547-TKW-HTC, Sealed Doc. 3-3 at 20-21, 93, 96-103.  Under Florida law, after a shelter hearing, an arraignment hearing and adjudicatory hearing are held, and Leiphart does not allege those proceedings have concluded.[3]  *See* Fla. Stat. § 39.506 ("When a child has been sheltered by order of the court, an arraignment hearing must be held no later than 28 days after the shelter hearing[.]"); § 39.507 ("The adjudicatory hearing shall be held as soon as practicable after the petition for dependency is filed … , but no later than 30 days after the arraignment.").

Leiphart also wants this Court to directly interfere with those proceedings by issuing declaratory and injunctive relief that: (1) requires Defendants to return Leiphart's son to him; (2) declares Defendants' actions are unconstitutional; and (3) commences parallel dependency proceedings in federal court.  *See 31 Foster Children*, 329 F.3d at 1278-89 n.11 ("[T]he plaintiffs are seeking relief that would interfere with the ongoing state dependency proceedings by placing decisions that

---

[3] To the extent the dependency proceedings have concluded, these claims would nonetheless be subject to dismissal under the *Rooker-Feldman* doctrine.  *Rooker-Feldman* is a jurisdictional doctrine that prevents a losing party in a state court action from appealing that loss to the federal courts and comes from two cases, *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  *See Behr v. Campbell*, 8 F.4th 1206, 1210 (11th Cir. 2021) (explaining the doctrine).  Rooker-Feldman would apply here if the dependency proceedings have resulted in a final judgment because Leiphart wants this Court to reverse the state court's dependency decision and return his son to him.  *Id.* (*Rooker-Feldman* applies in the narrow situation "when a losing state court litigant calls on a district court to modify or overturn an injurious state-court judgment").  In other words, a decision in Leiphart's favor would require this Court to review and reject the decisions made by the state court in the dependency proceedings. *Id.* (noting that whether *Rooker-Feldman* applies must be made on a targeted claim by claim basis).

Case No. 3:25cv605-TKW-HTC

are now in the hands of the state courts under the direction of the federal district court."). Child dependency proceedings also clearly implicate important state interests because "family relations are a traditional area of state concern." *Carter v. Dep't of Children & Families*, 2022 WL 2921310, at *2 (11th Cir. July 26, 2022) (quoting *Moore v. Sims*, 442 U.S. 415, 435 (1979)).

Finally, Leiphart has not shown he is procedurally prevented from raising his constitutional claims in the state court proceedings. *See Daniels v. Geraldi*, 578 F. App'x 811, 811 (11th Cir. 2014) (an "[a]dequate opportunity to raise constitutional challenges exists so long as state procedural law does not bar the party from raising the constitutional claim"). While Leiphart alleges Defendants failed to comply with state and federal law when taking custody of his son, he does not allege he is procedurally prevented from raising those arguments in state court, such as at the shelter, arraignment, or adjudicatory hearings; furthermore, the fact the state court may not agree with Leiphart's constitutional claims does not mean he is procedurally prevented from raising them. *See 31 Foster Children*, 329 F.3d at 1279 (noting "plaintiffs have the burden of establishing that the state proceedings do not provide an adequate remedy for their federal claims" and "[a] federal court 'should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary'") (citations omitted); *Leonard v. Ala. State Bd. of Pharmacy*, 61 F.4th 902, 909 (11th Cir. 2023) ("To demonstrate that claims are

procedurally prevented in state tribunals, plaintiffs should provide evidence of state laws, rules, or procedures that would allow a district court to evaluate whether the plaintiff's federal claims will effectively be shut out from the judicial system and cut off from effective review in the courts."). Based on the foregoing, Leiphart's request for injunctive relief is subject to dismissal under *Younger*.

Accordingly, it is ORDERED:

1. Leiphart's motion to proceed *in forma pauperis* (Doc. 2) is DENIED.

And it is RECOMMENDED:

1. That this case be DISMISSED because: (1) Leiphart cannot bring claims on behalf of his son; (2) the Court cannot issue injunctive relief in the absence of a properly-filed complaint; and (3) the *Younger* doctrine bars this Court from interfering with the ongoing state dependency proceedings.

2. That the clerk close the file.

At Pensacola, Florida, this 12th day of May, 2025.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.